**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Micalima Cruz,** | ) | **CASE NO. 1:10 CV 2443** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Nicole Jewel, et al.,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant.** | ) | |

<u>**INTRODUCTION**</u>

This matter is before the Court upon Plaintiff's Objection to Defendant's Notice of

Removal (Doc. 5).  This Court treated plaintiff's filing as a motion to remand.  This is a civil

rights case.  For the reasons that follow, the motion is DENIED.

<u>**FACTS**</u>

Plaintiff, Micalima Cruz, filed this lawsuit against defendants, Officer Nicole Jewel and

Officer Luz Currie, alleging that she was physically assaulted by defendants.  According to the

complaint, after the assault, defendants brought false assault charges against plaintiff.  Plaintiff

proceeded to trial, and a jury acquitted her of all charges.

1

Thereafter, plaintiff filed a six-count complaint in state court.  Counts one and two assert claims for assault and battery, respectively.  Count three is a claim for conspiracy.  Count four alleges malicious prosecution.  Counts five and six assert claims for intentional and negligent infliction of emotional distress, respectively.

Defendants removed this matter, alleging that federal question jurisdiction.  According to defendants, count three arises under federal law.  Plaintiff moves to remand this matter to state court and defendants oppose the motion.

**<u>ANALYSIS</u>**

In count three, plaintiff alleges that defendants "conspired to violate the civil rights of plaintiff" by making false allegations against her.  Plaintiff further alleges that defendants "conspired to make a false allegation and police report."  In addition, plaintiff alleges that these actions constitute "wrongful, tortious, illegal, and unconstitutional" conduct.

Defendants argue that federal question jurisdiction exists over count three because it alleges a conspiracy involving the violation of civil rights.  In addition, defendants argue that the Ohio Constitution is not self-executing.  Therefore, to the extent plaintiff is asserting a claim based on "unconstitutional" acts, the claim must necessarily arise under the United States Constitution.  Because 42 U.S.C. § 1983 provides an avenue of redress for violations of the federal constitution, plaintiff's claim for "civil conspiracy" is really a claim brought under this statute.   Plaintiff did not file a reply brief addressing any of these arguments.

Upon review, the Court finds that federal question jurisdiction exists over this case.

To determine whether [a] claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses.  There are exceptions to the well-pleaded complaint rule. One exception is the artful-pleading doctrine: plaintiffs may not avoid removal jurisdiction by artfully casting their essentially

2

federal law claims as state-law claims.

*Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007)(all internal citations, quotations, and edits omitted).  In this case, plaintiff purports to allege a state law claim for "civil conspiracy" to violate her "civil rights."  Plaintiff alleges that defendants' actions are "unconstitutional."  Defendant correctly argues that this claim arises under federal law because there is no state statute permitting a plaintiff to assert claims for state constitutional violations.

*See, e.g., PDU, Inc., v. City of Cleveland*, 2003 WL 21555157 at *5 (Oh. Ct. App. 8th Dist. July 10, 2003)("unlike the federal system where 42 U.S.C. § 1983 creates a private cause of action, there exists no statute in Ohio analogous to Section 1983").  Under federal law, however, 42 U.S.C. §§ 1983 and 1985, expressly provide redress for constitutional violations and for conspiracy to engage in such prohibited conduct.  Plaintiff fails to identify any Ohio case law recognizing such a cause of action under Ohio law, either directly or indirectly through a civil conspiracy claim.[1]  Thus, this Court concludes that plaintiff engaged in "artful pleading" by attempting to cast a federal claim as a state law claim.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
Dated: 12/14/10        United States District Judge

---

[1]    A conspiracy claim can only exist if there is independent wrongful conduct.